C. P. MAYER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26776.  Promulgated June 28, 1929.

*Joseph M. Kennedy, Esq.,* for the petitioner.
*R. W. Wilson, Esq.,* for the respondent.

OPINION.

SMITH: Section 214(a)(5) of the Revenue Act of 1921 permits a taxpayer to deduct from gross income in his tax return:

Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or busines; * * *

Subdivision (7) of the same section permits the deduction from gross income of " Debts ascertained to be worthless and charged off within the taxable year * * *."

The petitioner claims that he sustained a loss of $42,000 upon his investment in the capital stock of the International Shale Process Corporation; that the same was sustained in 1923; and that the amount thereof is deductible from gross income by virtue of section 214(a)(5) above quoted. The respondent, on the other hand, contends that the loss was sustained prior to 1923 and that if the petitioner is entitled to any deduction in respect of his investment it is a legal deduction from gross income of 1922 or 1921.

Although the evidence indicates that the International Shale Process Co. had little or no cash on hand in 1922, it did have the same rights to the Hartman processes which it had in 1921, which unquestionably were the principal asset of the corporation and the asset which had induced the petitioner and others to invest money in the corporation. The evidence further shows that the petitioner had not lost his faith in the ultimate success of the corporation in 1922, and that if the Universal Shale Products Co. had been able to carry out its contract of 1922, the International Shale Process Corporation would have been in funds with which to carry on operations beyond 1923. The evidence further shows that the Hartman process or processes were not determined to be valueless until 1923. Upon the record we are of the opinion that the worthlessness of the shares of stock owned by the petitioner was not determined until 1923; that the loss of the investment was properly allocated by the petitioner to 1923; and that the amount of $42,000 is a legal deduction from the petitioner's gross income of that year.

With respect to the claim of the petitioner to the deduction of his debt against the International Shale Process Corporation in the amount of $202.71, the record is silent as to whether the petitioner charged this debt off his books of account in 1923. In order that a debt may be deductible in a taxable year two things are necessary— (1) that it be ascertained to be worthless in the taxable year, and (2) that it be charged off within the taxable year. There being no evidence before us that the debt was charged off the petitioner's books in 1923, the disallowance of the deduction of $202.71 by the respondent is sustained.

*Judgment will be entered under Rule 50.*